**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **24-04146-jd**

### ORDER DENYING TURNOVER OF VEHICLE, GRANTING RETURN OF PERSONAL ITEMS, AND SETTING HEARING

The relief set forth on the following pages, for a total of 13 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**12/19/2024**



Entered: 12/19/2024

*S. Jefferson Davis IV*
US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Rahien NaySaun Little, a/k/a Rahien Little,<br><br>Debtor(s). | C/A No. 24-04146-JD<br><br>Chapter 7<br><br>**ORDER DENYING TURNOVER OF VEHICLE, GRANTING RETURN OF PERSONAL ITEMS, AND SETTING HEARING** |

**THIS MATTER** is before the Court on the Emergency Motion[1] for Contempt and Sanctions ("Emergency Motion"), filed by Rahien NaySaun Little, a/k/a Rahien Little, ("Debtor"), on November 25, 2024.

**SUMMARY OF FACTS**

Prior to the filing of the bankruptcy petition, R&R Tires repossessed the tires affixed to Debtor's vehicle, a 2021 Honda Accord 2.0T Sport ("Vehicle"), leaving the now inoperable Vehicle on concrete blocks.[2] Debtor filed, *pro se*, a bankruptcy petition under Chapter 7 on November 18, 2024. Debtor testified that the Vehicle was titled in his name but neither listed any property, including the Vehicle, in his schedules, nor exempted the Vehicle in Schedule C to his petition. In Schedule D, Debtor indicates the value of the Vehicle is $25,000 with a lien of $33,000 owed to CarMax.

Debtor's Vehicle had been left on Atlantic's property without tires from November 15, 2024, until November 21, 2024. On November 21, 2024, Debtor's Vehicle was towed by In-N-Out Towing, LLC, ("In-N-Out"), at the alleged direction of Debtor's landlord, Atlantic on the

---

[1] ECF No. 13.
[2] Debtor testified under oath that R&R Tires was responsible for the November 15, 2024, repossession of his Vehicle's tires at the Emergency Hearing.

Boulevard ("Atlantic").[3] Debtor alleges that certain essential medications were stored in the Vehicle at the time of its towing.

Debtor thereafter filed the Emergency Motion and a Motion to Expedite[4] Hearing of the Emergency Motion ("Motion to Expedite") seeking, *inter alia*, an order mandating the turnover of Debtor's Vehicle from In-N-Out. The Court entered an order[5] granting the Motion to Expedite on November 25, 2024, and scheduled an emergency hearing for December 4, 2024.

After the Court set a date for a hearing ("Emergency Hearing") on the Emergency Motion, Debtor filed an Amended Motion for Turnover and Sanctions and to Extend Time[6] ("Amended Emergency Motion"). In-N-Out filed a Response to the Emergency Motion and the Amended Emergency Motion[7] ("Response") on December 3, 2024. The Emergency Motion sought an order mandating the turnover of Defendant's Vehicle, as well as a ruling of contempt and an order of sanctions against In-N-Out for its violation of the automatic stay. The Court determined that an emergency hearing was warranted as to Debtor's motion for turnover, but not as to In-N-Out's alleged violation of the automatic stay or Debtor's alleged damages. As such, the Court is only addressing Debtor's emergency motion for turnover of his Vehicle in this Order. Debtor's arguments concerning In-N-Out's and Atlantic's alleged violation of the automatic stay will be heard and adjudicated at a later date, to the extent it remains contested.

---

[3] Though not in evidence, filings by the parties indicate that Atlantic prevailed upon In-N-Out to tow Debtor's Vehicle on November 21, 2024, in compliance with City of North Charleston ordinances concerning a property owner's liability for permitting a public nuisance, such as a dismantled or inoperable car, to remain on the owner's property. *See* N. CHARLESTON, S.C., CODE OF ORDNANCES, Sec. 9-67(4)(a) and 9-68 (2024). https://library.municode.com/sc/north_charleston/codes/code_of_ordinances?nodeId=COOR_CH9HESA_ARTIVNU_DIV1GE_S9-67NUDE.

[4] ECF No. 14.

[5] ECF No. 15.

[6] ECF No. 26. The Court notes that while Debtor only named In-N-Out as a respondent in the Emergency Motion, Debtor also named Atlantic as a respondent in the Amended Emergency Motion. Atlantic did not receive notice of the order granting the Motion to Expedite and was not a party to the hearing on December 4, 2024.

[7] ECF No. 35. A deficiency was issued for the response filed by In-N-Out. In-N-Out is a corporation and, as such, must be represented by counsel pursuant to SCLBR 9011-2(c).

## APPLICABLE LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E). The Court has authority to enter a final order and judgment in this matter.

This Court has broad power under 11 U.S.C. § 105(a)[8] to issue orders consistent with the Bankruptcy Code to help a debtor effectuate a fresh start. The equitable powers granted to a bankruptcy court under Section 105(a) are designed to protect the public interest in equitable administration of the Bankruptcy Code and the viable reorganization of debtors. *In re Chicora Life Ctr., LC*, 553 B.R. 61, 67 (Bankr. D.S.C. 2016) (citing *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir.1998); *Continental Secs. Corp. v. Shenandoah Nursing Home P'ship*, 188 B.R. 205, 220 (W.D.Va.1995); and *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1008 (4th Cir. 1986)). However, a bankruptcy court may not exercise its equitable powers under 105(a) in a manner that contravenes the Bankruptcy Code. *Law v. Siegel*, 571 U.S. 415, 421 (2014). "The 'equitable origins of the bankruptcy power suggest substantial leeway to tailor solutions to meet the diverse problems facing bankruptcy courts. Section 105 gives the bankruptcy court the power to fill in gaps and further the statutory mandates of Congress in an efficient manner.'" *In re Vujovic*, 388 B.R. 684, 693–94 (Bankr. E.D.N.C. 2008) (quoting 2 Collier on Bankruptcy ¶ 105.01 p. 105–8.1 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2008)).

The standing of the parties is a threshold matter in all court proceedings and may be raised by the Court *sua sponte*. *In re Boyd*, 618 B.R. 133, 145 (Bankr. D.S.C. 2020) (citing *Benham v.*

---

[8] 11 U.S.C. § 105(a) provides that the Court may: "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte,* taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

*City of Charlotte, N.C.*, 635 F.3d 129, 134 (4th Cir. 2011)). The Constitution of the United States requires the presence of the following three elements, at minimum, to determine standing:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations omitted). "In a bankruptcy case, in addition to constitutional standing concerns, the standing of a party requesting to be heard is dependent on whether the party is a party in interest." *In re Barnwell Cnty. Hosp.*, 459 B.R. 903, 906 (Bankr. D.S.C. 2011) (citing *In re Global Indus. Techs., Inc.*, 645 F.3d 201, 210 (3rd Cir.2011)). "'Party in interest' is a term of art in bankruptcy. Although not defined in the Bankruptcy Code, it reflects the unique nature of a bankruptcy case, where the global financial circumstances of a debtor are resolved with respect to all of debtor's creditors and other affected parties." *In re Barnwell Cnty. Hosp.*, 459 B.R. at 906. In chapter 7 cases, "the trustee becomes the estate's 'proper party in interest.'" *Matter of Richman*, 104 F.3d 654, 657 (4th Cir. 1997) (quoting *In re Eisen*, 31 F.3d 1447, 1451 n. 2 (9th Cir.1994)).

The filing of a bankruptcy petition creates an estate comprised of, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case", "wherever located and by whomever held". 11 U.S.C. § 541(a)(1). Property is considered "property of the estate" if "the trustee could use, sell or lease under Section 363 of the Bankruptcy Code, or that the debtor could exempt under Section 552 of the Bankruptcy Code; and the property is of consequential value or benefit of the estate." *In re BMT-NW Acquisition, LLC*, 582 B.R. 846, 865 (Bankr. D. Del. 2018). A bankruptcy debtor is duty bound to "surrender to the trustee all

property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate." 11 U.S.C.A. § 521(a)(4).

The Bankruptcy Code further provides: "Debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. . . Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l). "Unless the debtor takes affirmative steps to claim property as exempt, the property will remain in the estate." *In re Reed*, 184 B.R. 733, 737 (Bankr. W.D. Tex. 1995). "Property of the estate that is claimed as exempt ceases being property of the estate once the deadline to object passes without an objection being filed." *In re Wolf*, No. 11-51327, 2012 WL 1856973, at *2 (Bankr. E.D. Ky. May 22, 2012). Courts may not invalidate a claimed exemption on behalf of a party in interest after the expiration of the deadline[9] for filing an objection, regardless of whether the debtor had a valid statutory basis for claiming the exemption. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643 (1992). When a trustee otherwise properly seeks the turnover of exempt property or property that is barred by statute from being part of the bankruptcy estate, that motion for turnover must be denied. *In re Sanford*, No. CA 09-01116-JW, 2009 WL 8762883, at *7 (Bankr. D.S.C. Oct. 1, 2009).

The filing of a bankruptcy petition also effectuates the automatic stay of 11 U.S.C. § 362(a) which, among other things, prohibits any act to exercise control over property of the estate. 11 U.S.C. §362(a)(3). Turnover and violations of the automatic stay are two distinct, albeit closely related, issues. *In re Bolen*, 295 B.R. 803, 809 (Bankr. D.S.C. 2002). Bankruptcy Code Section 542 governs turnover of property to the estate:

---

[9] Federal Rule of Bankruptcy Procedure 4003 stipulates "a party in interest may file an objection to a claimed exemption within 30 days after the later of:
• the conclusion of the § 341 meeting of creditors;
• the filing of an amendment to the list; or
• the filing of a supplemental schedule.
On a party in interest's motion filed before the time to object expires, the court may, for cause, extend the time to file an objection." Fed. R. Bankr. P. 4003.

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

This Court has held that turnover is required where a creditor holds collateral that was properly repossessed prepetition. *See In re Altman*, 647 B.R. 148, 150 (Bankr. D.S.C. 2022) (citing *In re Milledge*, 639 B.R. 334, 343-44 (Bankr. D.S.C. 2022) ("Under § 542(a), the following elements must be demonstrated to require an entity to turnover property of the estate or its value: (1) during the case, (2) an entity other than a custodian, (3) was in possession, custody or control of property that a trustee could use, sell, or lease under 11 U.S.C. § 363 or that a debtor may exempt under 11 U.S.C. § 522, and (4) that such property is not of inconsequential value or benefit to the estate."). *See also In re Bolen, supra,* (citing *Jennings v. R & R Cars and Trucks (In re Jennings)* No. 01-80044-W, 2001 WL 1806980, at 6 (Bankr. D.S.C. Sept. 17, 2001)) ("After examining the issue of turnover, the Court concluded that when a creditor holds collateral that was properly repossessed prepetition, a debtor is entitled to the return of the collateral upon satisfying the following three steps: (1) notifying the creditor in writing of the bankruptcy case, (2) demanding in writing the turnover of the collateral, and (3) providing proof of insurance protecting the creditor's interest in the collateral."). Section 542 has likewise been applied to require turnover in the more egregious scenario of post-petition repossessions. *See generally, In re James-Jenkins*, No. AP 18-80074-HB, (Bankr. D.S.C. Oct. 16, 2018).

Those decisions were made for cases filed under chapter 13. This case was filed under chapter 7 and this Court has previously expounded on the "significant differences" between chapter 13 bankruptcies and chapter 7 bankruptcies. *In re Milledge*, 639 B.R. at 344. "In a chapter

13 case, the debtor has certain rights and powers which he maintains exclusive of the trustee." *In re Goldston*, 627 B.R. 841, 858 (Bankr. D.S.C. 2021) (citing 11 U.S.C. § 1303). For example, the chapter 13 debtor's rights and powers include the right to use, sell, or lease, other than in the ordinary course of business, property of the estate under Section 363(b) and the right to sell property of the estate free and clear of any interest in such property under Section 363(f). *In re Goldston*, 627 B.R. at 858. While chapter 7 debtors are required to surrender the property of the estate to the trustee for liquidation, chapter 13 debtors retain possession of the bankruptcy estate assets and commit their future income to repay creditors instead of having their non-exempt assets liquidated. *In re Milledge*, 639 B.R. at 344 (citing *Carroll v. Logan*, 735 F.3d 147, 151 (4th Cir. 2013), for its holding recognizing that chapter 13 bankruptcy cases provide chapter 13 debtors with the benefit of retaining encumbered assets and curing defaults to secured creditors by making a multi-year commitment to repay under a court-confirmed plan)). Under Section 542, chapter 13 debtors are empowered to sue to enforce the turnover obligation. *In re Milledge*, 639 B.R. at 350 (citing *In re Dawson*, 411 B.R. 1, 29 (Bankr. D.D.C. 2008) for its holding that the chapter 13 debtor, by virtue of his right to possess and use the property of the estate, may sue to enforce the turnover obligation under Section 542)).

Conversely, in chapter 7 cases, "all pre-petition property and interests become property of the estate to be administered by the chapter 7 trustee." *In re Lents*, 644 B.R. 479, 488–89 (Bankr. D.S.C. 2022) (citing 11 U.S.C. §§ 541, 704). "[T]he Bankruptcy Code. . .clearly grant[s] the [c]hapter 7 Trustee rights in property of the estate and the obligation to liquidate such property." *In re Childers*, 526 B.R. 608, 612 (Bankr. D.S.C. 2015). The Fourth Circuit has noted that, generally, only the trustee has standing to raise issues before the bankruptcy court in chapter 7 cases. *Matter of Richman*, 104 F.3d at 657.

Specifically, bankruptcy courts in other jurisdictions have held the Trustee alone has standing to assert a turnover claim in chapter 7 cases. *See In re Wenzel*, 554 B.R. 861, 863 (Bankr. W.D. Wis. 2016) (citing *In re Trujillo*, 485 B.R. 238, 247 (Bankr.D.Colo.2012)) ("The fact that § 542(a) requires turnover *to the trustee* in a chapter 7 case is also significant for another reason. It means that the [d]ebtors in this case have no standing to assert a right of turnover under §542(a).") (emphasis in the original)). *See also In re Price*, 173 B.R. 434, 440 (Bankr. N.D. Ga. 1994) (holding that a chapter 7 trustee is the estate's sole representative, and therefore "a debtor may not unilaterally prosecute a claim that belongs to the estate"); *In re Flanagan*, 415 B.R. 29, 46 (D. Conn. 2009) ("…[T]urnover is not a cause of action available to debtors at the time they file for bankruptcy. The language of the statute clearly demonstrates that it is a claim available only to trustees after a bankruptcy petition has been filed.")); *In re Tylee*, 512 B.R. 409, 420 (Bankr. E.D.N.Y. 2014) (In a chapter 7 case, "[A] turnover action is reserved solely for the Trustee."); *In re Jones*, 657 B.R. 238, 249 (Bankr. N.D. Ill. 2024) (holding that where a debtor did not claim an exemption in the subject property, the debtor lacked standing to initiate a turnover action even under the view that a claimed exemption may confer standing on a chapter 7 debtor); *In re Joshua*, No. 24-59520-PWB, 2024 WL 4425887, at *1 (Bankr. N.D. Ga. Oct. 4, 2024) (holding where a creditor in a chapter 7 case "has an obligation to turn over property, § 542 directs that the creditor's obligation is to turn it over to the case trustee.").

## **CONCLUSIONS OF LAW**

**I. This Court May Order the Return of Essential Personal Affects Left in Debtor's Vehicle and Order Debtor to File an Accounting of Said Personal Items Under 11 U.S.C. § 105(a).**

The Court finds that it is within the public interest to order the return of the personal affects, including but not limited to essential medication and identification, that may have been left inside

Debtor's Vehicle when it was towed. The equitable powers granted to bankruptcy courts are broad and authorize this Court to enter orders and judgments as necessary to enforce the Bankruptcy Code, prevent abuse of process, and protect the public interest in the equitable administration of the Bankruptcy Code. *See* 11 U.S.C. § 105(a); *In re Chicora Life Ctr., LC*, 553 B.R. at 67.

Debtor asserts he has been deprived of access to essential medications and personal identification due to the towing and impoundment of his Vehicle. Debtor further alleges these deprivations have resulted in Debtor's hospitalization and frustrated Debtor's attempts to produce properly notarized affidavits in support of the Emergency Motion and the Amended Emergency Motion. This Court finds that equitable administration of the Bankruptcy Code requires the immediate return or the provision of immediate access to any personal affects in the Vehicle, including any medication that may be therein. *See In re Chicora Life*, 553 B.R. at 67 (recognizing 11 U.S.C. § 105(a) may be used to provide relief when doing so is in the public interest and to prevent irreparable harm); *In re Vujovic*, 388 B.R. at 693–94 (holding Section 105(a) grants bankruptcy courts substantial leeway to offer tailored solutions to the problems before it). The Court therefore grants the Emergency Motion and the Amended Emergency Motion as to Debtor's request that his personal affects be returned to him. Additionally, the Court orders Debtor to file a comprehensive accounting of all items retrieved or returned from his car within seven days of the entry of this Order under the broad equitable powers granted to it by 11 U.S.C. § 105(a).

**II. Debtor Lacks Standing to Initiate this Turnover Action.**

While the Court has determined that equity requires the return of any personal affects detained in Debtor's car, Debtor lacks standing to initiate a turnover action concerning the Vehicle. As a preliminary note, the Court acknowledges that In-N-Out did not raise the issue of standing in its Response. The Court raises this issue *sua sponte*. See *In re Boyd*, 618 B.R. at 145 (citing

*Benham v. City of Charlotte, N.C.*, 635 F.3d at 134).

This Court has held that a chapter 13 debtor has standing to seek turnover of estate property, and the Fourth Circuit has held that generally only the trustee has standing to raise issues before the bankruptcy court in chapter 7 matters. *See In re Milledge*, 639 B.R. at 350; *Matter of Richman*, 104 F.3d at 657. However, neither this Court nor the Fourth Circuit have directly addressed the issue of whether a debtor has standing to institute a turnover claim in their own chapter 7 case. *See Matter of Richman*, 104 F.3d at 657 (affirming that chapter 7 debtors may not intervene in a turnover proceeding). In the absence of direct authority in the Fourth Circuit, the Court turns to the reasoning of courts in other jurisdictions to inform its holding. *See, e.g.*, *In re Sanders*, 521 B.R. 532, 538 (Bankr. D.S.C. 2014) (adopting "persuasive authority from other jurisdictions" in support of the Court's ultimate holding). Various bankruptcy courts across the United States have held that only the trustee may initiate turnover actions, especially concerning non-exempt property, in chapter 7 cases. *See In re Price*, 173 B.R. at 440; *In re Flanagan*, 415 B.R. at 46; *In re Trujillo*, 485 B.R. at 247; *In re Tylee*, 512 B.R. at 420; *In re Wenzel*, 551 B.R. at 863; and *In re Jones*, 657 B.R. at 249.

The Court finds that only the chapter 7 trustee is eligible to bring a turnover action under the facts of this case. While chapter 13 debtors retain possession of the estate property and maintain the right to use, sell, or lease property of the estate, in a chapter 7 case only the trustee is entitled to administer and liquidate the property of the estate. *Compare In re Goldston*, 627 B.R. at 858, *with In re Lents*, 644 B.R. at 488–89, *and* 11 U.S.C. §§ 541, 704. Given the chapter 7 trustee's statutory duties of administration and liquidation of the bankruptcy estate, it follows that the chapter 7 trustee alone is entitled to seek turnover of the estate property. *See Matter of Richman*, 104 F.3d at 657; *In re Tylee*, 512 B.R. at 420; and *In re Jones*, 657 B.R. at 249. Neither party has

prevailed upon this Court to find whether the Vehicle constitutes property of the estate. However, Debtor has not sought to exempt the Vehicle from the property of the estate, and, therefore, the Court finds that the Vehicle remains in the estate.[10] *See In re Sanford*, 2009 WL 8762883, at *7. The Court therefore adopts the persuasive authority listed above in support of its holding that under Section 542(a), the Chapter 7 trustee alone has standing to bring a turnover action for nonexempt[11] property of the estate under the facts of this case. Debtor thus lacks standing to initiate a turnover action.[12] The Emergency Motion and the Amended Motion are therefore denied as to Debtor's request for turnover of his Vehicle.[13]

Despite Debtor's lack of standing, In-N-Out agreed to return to Debtor, without cost, the Vehicle if Debtor removes the Vehicle from In-N-Out's property by either the Debtor restoring the Vehicle to operable condition or paying to have the Vehicle moved.

**IT IS, THEREFORE, ORDERED**:

(i) All personal items remaining in Debtor's Vehicle shall be returned to Debtor within three (3) days from the entry of this Order if they have not already been returned to Debtor.

(ii) All parties to this proceeding shall interact in a peaceful and respectful manner to comply with this Order. Failure to do so may result in sanctions, including a finding

---

[10] The Court also notes that Vehicle has no equity and, given the fact that the Vehicle is, upon information and belief, inoperable, and there is no evidence it is of consequential value to the estate. *In re BMT-NW Acquisition, LLC*, 582 B.R. at 865. As no party has raised the issue of whether the non-exempted Vehicle may be excluded from the estate due to its lack of equity or consequential value, the Court will not proffer a finding on that question at this time.

[11] While not raised by the parties, Debtor may still exempt the Vehicle. South Carolina has opted out of the federal exemptions listed in Section 522 of the Bankruptcy Code and set forth its own system of exemptions. *In re Holt*, 497 B.R. 817, 824 (Bankr. D.S.C. 2013). Per the statutes of this State, "[a] debtor's interest, not to exceed five thousand dollars in value, in one motor vehicle," is exempt from "attachment, levy, and sale" in bankruptcy proceedings. *See* S.C. Code Ann. § 15-41-30(A)(2).

[12] Debtor's Emergency Motion and Amended Emergency Motion also fail procedurally. Debtor initiated this request by motion prior to the December 1, 2024, changes to Fed. R. Bankr. P. 7001. At the time Debtor filed this motion, Fed. R. Bankr. P. 7001(1) required this matter to be filed as an adversary proceeding.

[13] Debtor also requested that the Court order In-N-Out to restore the Vehicle to operable condition. This request is also denied.

       of contempt.

(iii)    Debtor shall file a complete accounting of said personal items he seeks to recover within seven (7) days of the entry of this Order.

(iv)    Debtor does not have standing to seek an order from this Court requiring In-N-Out to turnover Debtor's Vehicle pursuant to 11 U.S.C. § 542 but, based on the agreement of the parties and pending further order otherwise, Debtor shall be permitted to remove the Vehicle from In-N-Out without cost on the condition that Debtor will either pay to remove the Vehicle or restore it to operable condition.

(v)    A hearing on the remaining issues raised in the Emergency Motion and the Amended Emergency Motion, including the request for damages from and sanctions against In-N-Out and Atlantic for allegedly violating 11 U.S.C. § 362, will be held on **January 22, 2025, at 10:00 AM at 145 King Street, Room 225, Charleston, SC 29401.**

(vi)    Notice of this Order shall be provided by the Clerk of Court to Debtor, In-N-Out, and Atlantic.

**IT IS SO ORDERED.**